**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CRIMINAL NO. 5:11CR49-V**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **DONALD CLAYTON PARKER,** ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Appeal and Motion to Revoke Detention Order pursuant to 18 U.S.C. § 3145(b), filed September 26, 2011 (Document #10), as well as the Government's Response in Opposition, filed October 11, 2011 (Document #14).

Defendant's detention hearing was held on September 15, 2011, before United States Magistrate Judge David Cayer. At the conclusion of that hearing, Defendant was ordered detained. (Document #6)

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the transcript of the detention hearing before the magistrate judge as well as the contents of the criminal file in this matter. In addition, the Court has reviewed the Pretrial Services Report, which recommended release despite noting various risks concerning Defendant's future appearance and factors indicating that Defendant might pose a danger to the community.

The Defendant is charged with two counts of bank robbery in violation of 18 U.S.C. §2113(a). Because the Grand Jury found that probable cause exists that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a

rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e). Defendant contends that the presumption is rebutted in this matter.

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

>   (1)   the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
>   (2)   the weight of the evidence against the person;
>   (3)   the history and characteristics of the person, including —
>        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
>        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g). Upon review of these factors, the Court concurs with the magistrate judge that bond is not appropriate. Most significantly, Defendant is charged with two crimes of violence. In both instances, Defendant threatened the bank teller with detonation of a bomb purportedly hidden on the premises. Defendant, who represents that he intended to repay a drug debt with the monies stolen, has admitted responsibility for both robberies. In addition, the Defendant's uncertain personal circumstances, including his unemployment, recent substance abuse, domestic issues, and pending foreclosure proceedings factor against release.

**IT IS, THEREFORE, ORDERED** that Defendant's Appeal and Motion to Revoke Detention Order is hereby **DENIED**. Defendant shall remain in custody pending adjudication on the charged offenses.

Signed: October 13, 2011

Richard L. Voorhees
United States District Judge